# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
09/06/2017
CT Log Number 531883463

| | |
|---|---|
| **TO:** | Beth Frensilli<br>1LIFEHEALTHCARE, INC.<br>130 Sutter St Fl 2<br>San Francisco, CA 94104-4009 |
| **RE:** | **Process Served in New York** |
| **FOR:** | One Medical Group, P.C.  (Domestic State: NY) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARION KILER, on behalf of herself and all others similarly situated, Pltf. vs. ONE MEDICAL GROUP, P.C., Dft. |
| **DOCUMENT(S) SERVED:** | Letter, Notice, Summons, Complaint |
| **COURT/AGENCY:** | Kings County: Supreme Court, NY<br>Case # 5133062017 |
| **NATURE OF ACTION:** | Class Action - Plaintiff, on behalf of herself and all others similarly situated, seeks certification of "all legally blind individuals in the United States who have attempted to access Onemedical.com and as a result have been denied access to the enjoyment of goods and services offered in One Medical, during the relevant statutory period |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/06/2017 postmarked: "Illegible" |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after the service of this summons, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | C.K. Lee<br>LEE LITIGATION GROUP, PLLC<br>30 East 39th Street, Second Floor<br>New York, NY 10016<br>212-465-1188 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/06/2017, Expected Purge Date: 09/11/2017<br><br>Image SOP<br><br>Email Notification,  Beth Frensilli  bfrensilli@onemedical.com<br><br>Email Notification,  Ann-Kitt Jahren  Ann-Kitt.Jahren@AKJahren.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>111 8th Ave Fl 13<br>New York, NY 10011-5213<br>212-590-9070 |

Page 1 of  1 / NC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

DOS 470 (Rev. 10

DEPARTME
  One Commerce Plaza
  99 Washington Avenue
  Albany, NY 12231-0001

**Return Services Requested**

USPS CERTIFIED MAIL

USPS CERTIFIED MAIL

9214 8969 0059 7937 1214 57

201708310255
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK NY,10011

State of New York - Department of State
Division of Corporations

Party Served:                                    Plaintiff/Petitioner:
 ONE MEDICAL GROUP, P.C.                          KILER, MARION


C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NY 10011


Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 08/29/2017 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
 This copy is being transmitted pursuant to such statute to the address
provided for such purpose.


                                                    Very truly yours,
                                            Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF _Kings'_ ____
---------------------------------------------------------------x
Marian Kiler

Plaintiff/Petitioner,

- against -

Index No. _513306|2017_

One Medical Group, P. C.

Defendant/Respondent.
---------------------------------------------------------------x

### NOTICE OF COMMENCEMENT OF ACTION
### SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efile-unrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 08|22|17

_____
Signature

C.K. Lee Esq.
_____
Name

Lee Litigation Group, PLLC
_____
Firm Name

30 East 39th Street, Second Floor
_____
Address

New York, New York 10016

212-465-1180
_____
Phone

cklee@leelitigation.com
_____
E-Mail

To: One Medical Group, P.C.
c/o CT Corporation System
111 Eighth Avenue
New York, New York, 10011

9/3/15

Index #        Page 2 of 2        EFM-1

**SUPREME COURT OF THE STATE OF NEW YORK**
**KINGS COUNTY**

---

MARION KILER,

      Plaintiff,

      v.                                                    Index No.:

                                                 **SUMMONS**

ONE MEDICAL GROUP, P.C.

      Defendants.

---

To the above named Defendants:

ONE MEDICAL GROUP, P.C.
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

      You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

      The basis of venue is Plaintiff's residence in Kings County.

Dated:   July 10, 2017
         New York, New York

                                  LEE LITIGATION GROUP, PLLC

                      By:    */s/ C.K. Lee*
                               C.K. Lee, Esq.
                               Anne Seelig, Esq.
                               30 East 39th Street, Second Floor
                               New York, NY 10016
                               *Attorneys for Plaintiff*

FILED: KINGS COUNTY CLERK 07/10/2017 12:32 PM          INDEX NO. 513306/2017
NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 07/10/2017

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and the Class*

**SUPREME COURT OF THE STATE OF NEW YORK
KINGS COUNTY**

---

MARION KILER, on behalf of herself and
all others similarly situated,

                   Case No.:

      Plaintiff,               **CLASS ACTION COMPLAINT**

        -against-

ONE MEDICAL GROUP, P.C.,

      Defendant,

---

Plaintiff, MARION KILER (hereinafter, "Plaintiff"), on behalf of herself and others similarly situated, by and through his undersigned attorney, hereby files this Class Action Complaint against Defendant, ONE MEDICAL GROUP, P.C. and states as follows:

## INTRODUCTION

1.    This class action seeks to put an end to systemic civil rights violations committed by Defendant ONE MEDICAL GROUP, P.C. (hereafter collectively as "One Medical" or "Defendant"), against the blind in New York State and across the United States. Defendant is denying blind individuals throughout the United States equal access to the goods and services One Medical provides to their non-disabled customers through http://www.Onemedical.com (hereafter "Onemedical.com" or "the website"). Onemedical.com provides to the public a wide

FILED: KINGS COUNTY CLERK 07/10/2017 12:32 PM

NYSCEF DOC. NO. 2

INDEX NO. 513306/2017

RECEIVED NYSCEF: 07/10/2017

array of the goods, services, price discounts, employment opportunities and other programs offered by One Medical. Yet, Onemedical.com contains access barriers that make it difficult, if not impossible, for blind customers to use the website. In fact, the access barriers make it impossible for blind users to even complete a transaction on the website. One Medical thus excludes the blind from the full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living. In the wave of technological advances in recent years, assistive computer technology is becoming an increasingly prominent part of everyday life, allowing blind people to fully and independently access a variety of services, including online shopping.

2.      Plaintiff is a blind individual. He brings this civil rights class action against Defendant for failing to design, construct, and/or own or operate a website that is fully accessible to, and independently usable by, blind people.

3.      Specifically, Onemedical.com has many access barriers preventing blind people to independently navigate and investigate using assistive computer technology.

4.      Plaintiff uses the terms "blind person" or "blind people" and "the blind" to refer to all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

5.      Approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind.[1] There are approximately 400,000 visually impaired persons in New York State.[2]

6.      Many blind people enjoy online shopping just as sighted people do. The lack of

---

[1] Americans with Disabilities: 2010 Report, U.S. Census Bureau Reports
[2] American Foundation for the Blind, State-Specific Statistical Information, January 2015

2

FILED: KINGS COUNTY CLERK 07/10/2017 12:32 PM    INDEX NO. 513306/2017

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 07/10/2017

an accessible website means that blind people are excluded from the rapidly expanding self-service industry and from independently accessing Onemedical.com.

7.    Despite readily available accessible technology, such as the technology in use at other heavily trafficked retail websites, which makes use of alternative text, accessible forms, descriptive links, resizable text and limits the usage of tables and JavaScript, Defendant has chosen to rely on an exclusively visual interface. One Medical's sighted customers can independently browse online for doctors and make an appointment, without the assistance of others. However, blind people must rely on sighted companions to assist them  browsing on Onemedical.com.

8.    By failing to make the website accessible to blind persons, Defendant is violating basic equal access requirements under both state and federal law.

9.    Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to deaf and hard of hearing individuals. Similarly, New York state law requires places of public accommodation to ensure access to goods, services and facilities by making reasonable accommodations for persons with disabilities.

10.    Plaintiff browsed and intended to make an appointment online on Onemedical.com. This tool is especially helpful for blind and visually impaired individuals whom have a difficult time accessing transportation. However, unless Defendant remedies the numerous access barriers on the website, Plaintiff and Class members will continue to be unable

3

FILED: KINGS COUNTY CLERK 07/10/2017 12:32 PM    INDEX NO. 513306/2017
NYSCEF DOC. NO. 2                                              RECEIVED NYSCEF: 07/10/2017

to independently navigate, browse, use and complete a transaction on Onemedical.com.

11.    This complaint seeks declaratory and injunctive relief to correct One Medical's policies and practices to include measures necessary to ensure compliance with federal and state law and to include monitoring of such measures, to update and remove accessibility barriers on Onemedical.com so that Plaintiff and the proposed Class and Subclass of customers who are blind will be able to independently and privately use Defendant's website. This complaint also seeks compensatory damages to compensate Class members for having been subjected to unlawful discrimination.

## PARTIES

12.    Plaintiff, MARION KILER, is and has been at all times material hereto a resident of Kings County, New York.

13.    Plaintiff MARION KILER is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*, the New York State Human Rights Law and the New York City Human Rights Law. Plaintiff KILER has no light perception and is completely blind. Plaintiff KILER cannot use a computer without the assistance of screen reader software. Plaintiff KILER has been denied the full enjoyment of the facilities, goods and services of Onemedical.com, as well as to the facilities, goods and services of One Medical, as a result of accessibility barriers on Onemedical.com. Most recently in June 2017, Plaintiff KILER attempted to make an appointment on Onemedical.com but could not navigate the website due to the inaccessibility of the website. The inaccessibility of Onemedical.com has deterred her and Class members from shopping on One Medical's website

14.    Defendant ONE MEDICAL is an American for-profit corporation organized under the laws of New York, with a process of service address at 111 EIGHTH AVENUE

4

FILED: KINGS COUNTY CLERK 07/10/2017 12:32 PM   INDEX NO. 513306/2017
NYSCEF DOC. NO. 2   RECEIVED NYSCEF: 07/10/2017

NEW YORK, NEW YORK, 10011. The failure of ONE MEDICAL GROUP, P.C. to provide equal access to millions of blind and visually impaired individuals violates the mandate of the ADA to provide "full and equal enjoyment" of a public accommodation's goods, services, facilities, and privileges. Places of public accommodation include, "place[s] of exhibition and entertainment," "places[s] of recreation," and "service establishments." 28 C.F.R. § 36.201 (a); 42 U.S.C. §12181 (7). Because Defendant's website Onemedical.com is a "place of public accommodation," denial of equal access to the products available to sighted individuals violates the ADA. Remedying that violation is critical to the ADA's goal of providing people with disabilities the same access that others take for granted. Accordingly, Plaintiffs seek injunctive and declaratory relief to ensure that blind and visually impaired individuals have equal access to Defendant's website.

15.    Plaintiff, on behalf of herself and others similarly situated seeks full and equal access to the services provided by One Medical through Onemedical.com.

## CLASS ACTION ALLEGATIONS

16.    Plaintiff, on behalf of herself and all others similarly situated, seeks certification of the following nationwide class pursuant to Rule 23(a) and 23(b)(2) of the Federal Rules of Civil Procedure: "all legally blind individuals in the United States who have attempted to access Onemedical.com and as a result have been denied access to the enjoyment of goods and services offered in One Medical, during the relevant statutory period."

17.    Plaintiff seeks certification of the following New York subclass pursuant to Fed.R.Civ.P. 23(a), 23(b)(2), and, alternatively, 23(b)(3): "all legally blind individuals in New York State who have attempted to access Onemedical.com and as a result have been denied

5

FILED: KINGS COUNTY CLERK 07/10/2017 12:32 PM    INDEX NO. 513306/2017

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 07/10/2017

access to the enjoyment of goods and services offered in One Medical, during the relevant statutory period."

18.    There are hundreds of thousands of visually impaired persons in New York State. There are approximately 8.1 million people in the United States who are visually impaired. Thus, the persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

19.    This case arises out of Defendant's policy and practice of maintaining an inaccessible website denying blind persons access to the goods and services of Onemedical.com. Due to Defendant's policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to independently browse and select on Onemedical.com.

20.    There are common questions of law and fact common to the class, including without limitation, the following:

    a.    Whether Onemedical.com is a "public accommodation" under the ADA;

    b.    Whether Onemedical.com is a "place or provider of public accommodation" under the laws of New York;

    c.    Whether Defendant through its website Onemedical.com denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or accommodations to people with visual disabilities in violation of the ADA; and

    d.    Whether Defendant through its website Onemedical.com denies the full and equal enjoyment of its goods, services, facilities, privileges, advantages, or

6

FILED: KINGS COUNTY CLERK 07/10/2017 12:32 PM
NYSCEF DOC. NO. 2

INDEX NO. 513306/2017
RECEIVED NYSCEF: 07/10/2017

accommodations to people with visual disabilities in violation of the laws of New York.

21.     The claims of the named Plaintiff are typical of those of the class. The class, similarly to the Plaintiff, are severely visually impaired or otherwise blind, and claim that One Medical has violated the ADA, and/or the laws of New York by failing to update or remove access barriers on the website, Onemedical.com, so it can be independently accessible to the class of people who are legally blind.

22.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class because Plaintiff has retained and is represented by counsel competent and experienced in complex class action litigation, and because Plaintiff has no interests antagonistic to the members of the class. Class certification of the claims is appropriate pursuant to Fed. R. Civ P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

23.     Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members clearly predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

24.     Judicial economy will be served by maintenance of this lawsuit as a class action in that it is likely to avoid the burden that would be otherwise placed upon the judicial system by the filing of numerous similar suits by people with visual disabilities throughout the United States.

25.     References to Plaintiff shall be deemed to include the named Plaintiff and each member of the class, unless otherwise indicated.

7

FILED: KINGS COUNTY CLERK 07/10/2017 12:32 PM    INDEX NO. 513306/2017

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 07/10/2017

## FACTUAL ALLEGATIONS

26.    Onemedical.com is a service and benefit offered by One Medical in New York State. Onemedical.com is owned, controlled and/or operated by One Medical.

27.    Onemedical.com is a website that offers products and services online. The online website allows the user to make an appointment, find a doctor; and perform a variety of other functions.

28.    Among the features offered by Onemedical.com are the following:

(a)    an online website, allowing customers to make an appointment;

(b)    information about One Medical's locations;

29.    This case arises out of One Medical's policy and practice of denying the blind access to Onemedical.com. Due to One Medical's failure and refusal to remove access barriers to Onemedical.com, blind individuals have been and are being denied equal access to the numerous goods, services and benefits offered to the public through Onemedical.com.

30.    One Medical denies the blind access to goods, services and information made available through Onemedical.com by preventing them from freely navigating Onemedical.com.

31.    The Internet has become a significant source of information for conducting business and for doing everyday activities such as shopping, banking, etc., for sighted and blind persons.

32.    The blind access websites by using keyboards in conjunction with screen-reading software which vocalizes visual information on a computer screen. Except for a blind person whose residual vision is still sufficient to use magnification, screen access software provides the only method by which a blind person can independently access the Internet. Unless websites are

8

FILED: KINGS COUNTY CLERK 07/10/2017 12:32 PM          INDEX NO. 513306/2017
NYSCEF DOC. NO. 2                                      RECEIVED NYSCEF: 07/10/2017

designed to allow for use in this manner, blind persons are unable to fully access Internet websites and the information, products and services contained therein.

33.     There are well-established guidelines for making websites accessible to blind people. These guidelines have been in place for at least several years and have been followed successfully by other large business entities in making their websites accessible. The Web Accessibility Initiative (WAI), a project of the World Wide Web Consortium which is the leading standards organization of the Web, has developed guidelines for website accessibility. The federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making websites accessible, including, but not limited to: adding invisible alternative text to graphics; ensuring that all functions can be performed using a keyboard and not just a mouse; ensuring that image maps are accessible, and adding headings so that blind people can easily navigate the site. Without these very basic components a website will be inaccessible to a blind person using a screen reader.

34.     Onemedical.com contains access barriers that prevent free and full use by Plaintiff and blind persons using keyboards and screen reading software. These barriers are pervasive and include, but are not limited to: lack of alternative text on graphics, inaccessible checkboxes, the lack of adequate prompting and labeling; lack of navigation links; the denial of keyboard access; and the requirement that transactions be performed solely with a mouse.

35.     Alternative text ("Alt-text") is invisible code embedded beneath a graphical image on a website. Web accessibility requires that alt-text be coded with each picture so that a screen reader can speak the alternative text while a sighted user sees the picture. Alt-text does not change

9

FILED: KINGS COUNTY CLERK 07/10/2017 12:32 PM          INDEX NO. 513306/2017
NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 07/10/2017

the visual presentation except that it appears as a text pop-up when the mouse moves over the picture. There are many important pictures on Onemedical.com that lack a text equivalent. The lack of alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics. (Screen readers detect and vocalize alt-text to provide a description of the image to a blind computer user.) As a result, Plaintiff and blind One Medical customers are unable to determine what is on the website and browse the site.

36.     Similarly, Onemedical.com lacks accessible image maps. An image map is a function that combines multiple words and links into one single image. Visual details on this single image highlight different "hot spots," which, when clicked on, allow the user to jump to many different destinations within the website. For an image map to be accessible, it must contain alt-text for the various "hot spots." The image maps on Onemedical.com's location map do not contain adequate alt-text. The Image maps on Onemedical.com are therefore inaccessible to Plaintiff and other blind individuals attempting to make an appointment.

37.     Onemedical.com also lacks prompting information and accommodations necessary to allow blind shoppers who use screen readers to locate and accurately fill-out online forms. On a medical site such as Onemedical.com, these forms include search fields to locate menu items, , and fields used to fill-out information required to make an appointment. Due to the lack of adequate labeling, Plaintiff and blind customers cannot easily make an appointment, search for a doctor, nor can they enter their personal identification information with confidence and security.

38.     The lack of navigation links on One Medical's website makes attempting to navigate through Onemedical.com even more time consuming and confusing for Plaintiff and blind consumers.

10

FILED: KINGS COUNTY CLERK 07/10/2017 12:32 PM     INDEX NO. 513306/2017

NYSCEF DOC. NO. 2     RECEIVED NYSCEF: 07/10/2017

39.  Onemedical.com requires the use of a mouse to complete a transaction. Yet, it is a fundamental tenet of web accessibility that for a web page to be accessible to Plaintiff and blind people, it must be possible for the user to interact with the page using only the keyboard. Indeed, Plaintiff and blind users cannot use a mouse because manipulating the mouse is a visual activity of moving the mouse pointer from one visual spot on the page to another. Thus, Onemedical.com's inaccessible design, which requires the use of a mouse to complete a transaction, denies Plaintiff and blind customers the ability to independently investigate on Onemedical.com.

According to WCAG 2 Guideline 2.4.1, a mechanism is necessary to bypass blocks of content that are repeated on multiple webpages because requiring users to extensively tab before reaching the main content is an unacceptable barrier to accessing the website. Plaintiff must tab through every menu option and footer on Defendant's website in an attempt to reach the desired service.  Thus, Onemedical.com's inaccessible design, which requires the use of a mouse to complete a transaction, denies Plaintiff and blind customers the ability to independently investigate the website on Onemedical.com.

40.  Onemedical.com thus contains access barriers which deny full and equal access to Plaintiff, who would otherwise use Onemedical.com and who would otherwise be able to fully and equally enjoy the benefits and services of Onemedical.com.

41.  Plaintiff MARION KILER has made numerous attempts to make an appointment on Onemedical.com, most recently in June 2017, but was unable to do so independently because of the many access barriers on Defendant's website. These access barriers have caused Onemedical.com to be inaccessible to, and not independently usable by, blind and visually impaired individuals.

11

FILED: KINGS COUNTY CLERK 07/10/2017 12:32 PM    INDEX NO. 513306/2017
NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 07/10/2017

42.    As described above, Plaintiff has actual knowledge of the fact that Defendant's website, Onemedical.com contains access barriers causing the website to be inaccessible, and not independently usable by, blind and visually impaired individuals.

43.    These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits and services of Onemedical.com.

44.    One Medical engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

(a)    constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

(b)    constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

(c)    failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

45.    One Medical utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

## FIRST CAUSE OF ACTION

(Violation of 42 U.S.C. §§ 12181, *et seq.* — Title III of the Americans with Disabilities Act)
(on behalf of Plaintiff and the Class)

46.    Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

47.    Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any

12

FILED: KINGS COUNTY CLERK 07/10/2017 12:32 PM INDEX NO. 513306/2017

NYSCEF DOC. NO. 2                                                                RECEIVED NYSCEF: 07/10/2017

place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

48.    Defendant One Medical operates a place of public accommodation as defined by Title III of ADA, 42 U.S.C. § 12181(7) ("place of exhibition and entertainment," "place of recreation," and "service establishments").

49.    One Medical has failed to make its website content accessible to individuals who are blind and visually impaired by failing to provide a website accessible by keyboard.

50.    Discrimination under Title III includes the denial of an opportunity for the person who is blind or visually impaired to participate in programs or services, or providing a service that is not as effective as what is provided to others. 42 U.S.C. § 12182(b)(1)(A)(I-III).

51.    Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

52.    Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

53.    In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful

13

NYSCEF DOC. NO. 2

INDEX NO. 513306/2017

RECEIVED NYSCEF: 07/10/2017

discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

54.    There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their website accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

55.    The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et seq.,* and the regulations promulgated thereunder. Patrons of Onemedical.com who are blind have been denied full and equal access to the website, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

56.    Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

57.    As such, Defendant discriminate, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Onemedical.com in violation of Title III of the Americans with Disabilities Act, 42

Case 1:17-cv-05626-ARR-SJB   Document 1-1   Filed 09/26/17   Page 22 of 31 PageID #: 27

U.S.C. §§ 12181 *et seq.* and/or its implementing regulations.

58.     Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the proposed class and subclass will continue to suffer irreparable harm.

59.     The actions of Defendant were and are in violation of the ADA and therefore Plaintiff invokes his statutory right to injunctive relief to remedy the discrimination.

60.     Plaintiff is also entitled to reasonable attorneys' fees and costs.

61.     Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION

(Violation of New York State Human Rights Law, N.Y. Exec. Law,
Article 15 (Executive Law § 292 *et seq.*)
(on behalf of Plaintiff and New York subclass)

62.     Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

63.     N.Y. Exec. Law § 296(2)(a) provides that it is "an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation ... because of the ... disability of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof."

64.     Defendant One Medical operates a place of public accommodation as defined by N.Y. Exec. Law § 292(9).

65.     Defendant is subject to New York Human Rights Law because they own and

FILED: KINGS COUNTY CLERK 07/10/2017 12:32 PM    INDEX NO. 513306/2017
NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 07/10/2017

operate Onemedical.com. Defendant is a person within the meaning of N.Y. Exec. Law § 292(1).

66.    Defendant is violating N.Y. Exec. Law § 296(2)(a) in refusing to update or remove access barriers to Onemedical.com, causing Onemedical.com to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods and services that Defendant makes available to the non-disabled public.

67.    Specifically, under N.Y. Exec. Law § 296(2)(c)(I), unlawful discriminatory practice includes, among other things, "a refusal to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations."

68.    In addition, under N.Y. Exec. Law § 296(2)(c)(II), unlawful discriminatory practice also includes, "a refusal to take such steps as may be necessary to ensure that no individual with a disability is excluded or denied services because of the absence of auxiliary aids and services, unless such person can demonstrate that taking such steps would fundamentally alter the nature of the facility, privilege, advantage or accommodation being offered or would result in an undue burden."

69.    There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their website accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

16

FILED: KINGS COUNTY CLERK 07/10/2017 12:32 PM    INDEX NO. 513306/2017
NYSCEF DOC. NO. 2                                                    RECEIVED NYSCEF: 07/10/2017

70.    Defendant's actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the New York State Human Rights Law, N.Y. Exc. Law § 296(2) in that Defendant has:

(a)    constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

(b)    constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

(c)    failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

71.    Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

72.    As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Onemedical.com under § 296(2) *et seq.* and/or its implementing regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the subclass will continue to suffer irreparable harm.

73.    The actions of Defendant were and are in violation of New York State Human Rights Law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

74.    Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines pursuant to N.Y. Exc. Law § 297(4)(c) *et seq.* for each and every offense.

75.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

17

FILED: KINGS COUNTY CLERK 07/10/2017 12:32 PM          INDEX NO. 513306/2017

NYSCEF DOC. NO. 2                                                      RECEIVED NYSCEF: 07/10/2017

76.    Pursuant to N.Y. Exec. Law § 297 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

### THIRD CAUSE OF ACTION

(Violation of New York State Civil Rights Law, NY CLS Civ R,

Article 4 (CLS Civ R § 40 *et seq.*)

(on behalf of Plaintiff and New York subclass)

77.    Plaintiff served notice thereof upon the attorney general as required by N.Y. Civil Rights Law § 41.

78.    Plaintiff realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

79.    N.Y. Civil Rights Law § 40 provides that "all persons within the jurisdiction of this state shall be entitled to the full and equal accommodations, advantages, facilities and privileges of any places of public accommodations, resort or amusement, subject only to the conditions and limitations established by law and applicable alike to all persons. No persons, being the owner, lessee, proprietor, manager, superintendent, agent, or employee of any such place shall directly or indirectly refuse, withhold from, or deny to any person any of the accommodations, advantages, facilities and privileges thereof ..."

80.    N.Y. Civil Rights Law § 40-c(2) provides that "no person because of ... disability, as such term is defined in section two hundred ninety-two of executive law, be subjected to any discrimination in his or her civil rights, or to any harassment, as defined in section 240.25 of the penal law, in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision"

81.    Onemedical.com is a public accommodations within the definition of N.Y. Civil Rights Law § 40-c(2).

18

FILED: KINGS COUNTY CLERK 07/10/2017 12:32 PM    INDEX NO. 513306/2017

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 07/10/2017

82.    Defendant is subject to New York Civil Rights Law because they own and operate Onemedical.com. Defendant is a person within the meaning of N.Y. Civil Law § 40-c(2).

83.    Defendant is violating N.Y. Civil Rights Law § 40-c(2) in refusing to update or remove access barriers to Onemedical.com, causing Onemedical.com and the services integrated with One Medical to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods and services that Defendant makes available to the non-disabled public.

84.    There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their website accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

85.    In addition, N.Y. Civil Rights Law § 41 states that "any corporation which shall violate any of the provisions of sections forty, forty-a, forty-b or forty two … shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby…"

86.    Specifically, under NY Civil Rights Law § 40-d, "any person who shall violate any of the provisions of the foregoing section, or subdivision three of section 240.30 or section 240.31 of the penal law, or who shall aid or incite the violation of any of said provisions shall for each and every violation thereof be liable to a penalty of not less than one hundred dollars nor more than five hundred dollars, to be recovered by the person aggrieved thereby in any court of competent jurisdiction in the county in which the defendant shall reside …"

19

FILED: KINGS COUNTY CLERK 07/10/2017 12:32 PM

NYSCEF DOC. NO. 2

INDEX NO. 513306/2017

RECEIVED NYSCEF: 07/10/2017

87. Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

88. As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class on the basis of disability are being directly or indirectly refused, withheld from, or denied the accommodations, advantages, facilities and privileges thereof in § 40 *et seq.* and/or its implementing regulations.

89. Plaintiff is entitled to compensatory damages of five hundred dollars per instance, as well as civil penalties and fines pursuant to N.Y. Civil Law § 40 *et seq.* for each and every offense.

## FOURTH CAUSE OF ACTION

(Violation of New York City Human Rights Law,
N.Y.C. Administrative Code § 8-102, *et seq.*)
(on behalf of Plaintiff and New York subclass)

90. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

91. N.Y.C. Administrative Code § 8-107(4)(a) provides that "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place or provider of public accommodation, because of ... disability ... directly or indirectly, to refuse, withhold from or deny to such person, any of the accommodations, advantages, facilities or privileges thereof."

92. Onemedical.com is a public accommodation within the definition of N.Y.C. Administrative Code § 8-102(9).

93. Defendant is subject to City Law because they own and operate Onemedical.com. Defendant is a person within the meaning of N.Y.C. Administrative Code § 8-102(1).

94. Defendant is violating N.Y.C. Administrative Code § 8-107(4)(a) in refusing to update or remove access barriers to Onemedical.com, causing Onemedical.com and the

20

FILED: KINGS COUNTY CLERK 07/10/2017 12:32 PM    INDEX NO. 513306/2017
NYSCEF DOC. NO. 2                                       RECEIVED NYSCEF: 07/10/2017

services integrated with One Medical to be completely inaccessible to the blind. This inaccessibility denies blind patrons full and equal access to the facilities, goods, and services that Defendant makes available to the non-disabled public. Specifically, Defendant is required to "make reasonable accommodation to the needs of persons with disabilities ... any person prohibited by the provisions of [§ 8-107 *et seq.*] from discriminating on the basis of disability shall make reasonable accommodation to enable a person with a disability to ... enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity." N.Y.C. Administrative Code § 8-107(15)(a).

95.    Defendant's actions constitute willful intentional discrimination against the class on the basis of a disability in violation of the N.Y.C. Administrative Code § 8-107(4)(a) and § 8-107(15)(a) in that Defendant has:

(d)    constructed and maintained a website that is inaccessible to blind class members with knowledge of the discrimination; and/or

(e)    constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind class members; and/or

(f)    failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind class members.

96.    Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. These violations are ongoing.

97.    As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff and members of the proposed class and subclass on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Onemedical.com under § 8-107(4)(a) and/or its implementing

21

FILED: KINGS COUNTY CLERK 07/10/2017 12:32 PM    INDEX NO. 513306/2017

NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 07/10/2017

regulations. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff and members of the subclass will continue to suffer irreparable harm.

98.    The actions of Defendant were and are in violation of City law and therefore Plaintiff invokes his right to injunctive relief to remedy the discrimination.

99.    Plaintiff is also entitled to compensatory damages, as well as civil penalties and fines under N.Y.C. Administrative Code § 8-120(8) and § 8-126(a) for each offense.

100.    Plaintiff is also entitled to reasonable attorneys' fees and costs.

101.    Pursuant to N.Y.C. Administrative Code § 8-120 and § 8-126 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

### FIFTH CAUSE OF ACTION

(Declaratory Relief)
(on behalf of Plaintiff and the Class)

102.    Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

103.    An actual controversy has arisen and now exists between the parties in that Plaintiff contends, and is informed and believes that Defendant denies, that Onemedical.com contains access barriers denying blind customers the full and equal access to the goods, services and facilities of Onemedical.com, which One Medical owns, operates, and/or controls, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*, N.Y. Exec. Law § 296, *et seq.*, and N.Y.C. Administrative Code § 8-107, *et seq.* prohibiting discrimination against the blind.

104.    A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

22

FILED: KINGS COUNTY CLERK 07/10/2017 12:32 PM    INDEX NO. 513306/2017
NYSCEF DOC. NO. 2    RECEIVED NYSCEF: 07/10/2017

WHEREFORE, Plaintiff prays for judgment as set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests relief as follows:

105. A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.,* and the laws of New York;

106. A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its website, Onemedical.com, into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that Onemedical.com is readily accessible to and usable by blind individuals;

107. A declaration that Defendant owns, maintain and/or operate their website, Onemedical.com, in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.,* N.Y. Exec. Law § 296, *et seq.,* N.Y.C. Administrative Code § 8-107, *et seq.,* and the laws of New York;

108. An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiff as Class Representative, and his attorneys as Class Counsel;

109. Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff and the proposed subclass for violations of their civil rights under New York State Human Rights Law and City Law;

110. Plaintiff's reasonable attorneys' fees, statutory damages, expenses, and costs of suit as provided by state and federal law;

23

FILED: KINGS COUNTY CLERK 07/10/2017 12:32 PM

INDEX NO. 513306/2017

NYSCEF DOC. NO. 2

RECEIVED NYSCEF: 07/10/2017

111.    Such other and further relief as the Court deems just and proper.


DATED: July 10, 2017                                        LEE LITIGATION GROUP, PLLC
                                                           C.K. Lee (CL 4086)
                                                           Anne Seelig (AS 3976)
                                                           30 East 39th Street, Second Floor
                                                           New York, NY 10016
                                                           Tel.: 212-465-1188
                                                           Fax: 212-465-1181



                                                           By: /s/ C.K. Lee
                                                                    C.K. Lee, Esq.